DeAnne Casperson, Esq. (ISB No. 6698)
dcasperson@workandwage.com
Amanda E. Ulrich, Esq. (ISB No. 7986)
aulrich@workandwage.com
Ryan S. Dustin, Esq. (ISB No. 8683)
rdustin@workandwage.com
CASPERSON ULRICH DUSTIN PLLC
356 W. Sunnyside Rd., Suite B
Idaho Falls, ID 83402
Telephone: (208) 524-0566
Facsimile: (208) 745-2523

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN DOE, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>COLLEGE OF EASTERN IDAHO; COLLEGE OF EASTERN IDAHO BOARD OF TRUSTEES; KATHLEEN NELSON; CLINT READING; LORI BARBER; HAILEY HOLLAND, VICKI NIELSON; MICHAEL WALKER; CHRIS SMOUT; and RICK AMAN,<br><br>    Defendants. | Case No. 4:22-cv-00482-DCN<br><br>**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO PROCEED WITH A PSEUDONYM** |

COMES NOW Plaintiff, John Doe, by and through his counsel of record, Casperson Ulrich Dustin PLLC, and respectfully submits Plaintiff's Memorandum in Support of Proceeding with a Pseudonym.

## I.    ARGUMENT

Federal Rule of Civil Procedure 10(a) requires that the title of a complaint name all the parties. "Similarly, Rule 17(a) provides that '[a]n action must be prosecuted in the name of the real party in interest.'" *Doe v. Blackfoot Sch. Dist. # 55*, No. 4:12-CV-589 BLW, 2014 WL 806454, at

1 – PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO PROCEED WITH A PSEUDONYM

*2 (D. Idaho Feb. 28, 2014). However, courts allow parties to proceed under a pseudonym under limited circumstances. *Id.*

The district court has the discretion to allow a party to proceed using a pseudonym. *See Jane Roes 1-2 v. SFBSC Mgmt.*, LLC, 77 F. Supp. 3d 990, 993 (N.D. Cal. 2015). In the Ninth Circuit, a party is "allow[ed] ... to use pseudonyms in the unusual case when nondisclosure of the party's identity is necessary ... to protect a person from harassment, injury, ridicule or personal embarrassment." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) (citations omitted). While the use of fictitious names is the exception, courts permit their use when special circumstances justify secrecy. *Jane Roe #1, et. al. v. United States*, No. 1:19-CV-00270-DAD-BAM, 2020 WL 869153 at *1 (E.D. Cal. Feb. 20, 2020). Courts must balance the need for anonymity against the public interest in transparency in the courts and the risk of unfairness to the opposing party. *Advanced Textile*, 214 F.3d at 1068.

In determining whether to allow a party to proceed anonymously, courts consider the following factors: "(1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, (3) the anonymous party's vulnerability to such retaliation, (4) the prejudice to the opposing party, and (5) the public interest." *Blackfoot School Dist. # 55*, 2014 WL 806454 at *2.

> [A] district court must balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party. Applying this balancing test, courts have permitted plaintiffs to use pseudonyms in three situations: (1) when identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary "to preserve privacy in a matter of sensitive and highly personal nature"; and (3) when the anonymous party is "compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution[.]"

*SFBSC Mgmt.*, LLC, 77 F. Supp. 3d at 993 (quoting *Advanced Textile*, 214 F.3d at 1068).

In this case, the very nature of the allegations is that Defendants stigmatized Plaintiff as being a violent person due to his disabilities --- a hurdle he could never overcome at CEI in spite of the allegations being untrue.  Plaintiff had a faculty member seek a restraining order against him, CEI released his picture and information as a potential threat, and several faculty members told him directly they did not think he should be at CEI because of his disability.  Plaintiff still hopes to work in his dream job of being a nurse in a burn unit, which was the job he was offered.  Plaintiff continues to be at risk for retaliation by future potential employers and others if he were to proceed in this case under his own name.  Plaintiff should not be barred by bringing suit to protect his rights while causing the false and defamatory allegations to be spread even further.

At the heart of this case is Defendants' unreasonable perception that Plaintiff posed a threat to a member of the faculty of CEI when he spoke with the on-campus counselor in a confidential session at the behest of a college dean and confided in the counselor that in the past he had experienced thoughts of harm toward himself and said faculty member brought on by his disabilities. He told the counselor he had worked through those thoughts and had no plan or intention of hurting himself or others.  If potential future employers were to discover Plaintiff suffers from depression, anxiety, or any other disability and discussed past ideations of this nature, the harm to Plaintiff could be disastrous.  Mental health alone still causes unwarranted stigma, but mental health and claimed potential for violence is near impossible to overcome.  Plaintiff's experience at CEI is the perfect example.  The police and the court all agreed Plaintiff did not pose a threat.  In spite of that, the well was poisoned, and CEI forever viewed Plaintiff in a terrible light. However, as Plaintiff's Complaint allegations demonstrate, he can succeed with unbiased participants. His Preceptors gave him excellent remarks.  Plaintiff is simply asking for that same

opportunity --- to remain unnamed so he can protect his reputation, standing, and attempt to salvage his chosen career.

Anonymity is also necessary to preserve privacy in this matter because this case involves Plaintiff's sensitive and highly personal medical history. Mental health is commonly misunderstood, as it was by Defendants. Defendants' misperception of Plaintiff's mental health was a direct cause of his damages. Plaintiff's interest in keeping his mental health confidential outweighs the need for him to use is true name in this proceeding.

Proceeding under a pseudonym would present no prejudice to the Defendants since they already know Plaintiff's true identity, and the public interest would be served without disclosing Plaintiff's true identity because "there is nothing critical to the working of justice to reveal his identity." *SFBSC Management LLC*, 77 F.Supp.3d at 996. "The great bulk of this case will be on the public record ... [including] [t]he basic facts of [Plaintiff's] employment and the defendants' challenged conduct, the court's reasoning, and the resulting interplay of those things ... will be open to the public." *Id.* Thus, the public interest will still be served despite Plaintiff's use of a pseudonym.

For the foregoing reasons, Plaintiff respectfully requests that the Court allow him to proceed under a pseudonym in this matter.

Dated this 23rd day of November 2022.

/s/
DeAnne Casperson
CASPERSON ULRICH DUSTIN PLLC