UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN DOE, an individual,<br><br>  Plaintiff,<br><br>v.<br><br>COLLEGE OF EASTERN IDAHO; COLLEGE OF EASTERN IDAHO BOARD OF TRUSTEES; KATHLEEN NELSON; CLINT READING; LORI BARBER; VICKI NIELSON; HAILEY HOLLAND; MICHAEL WALKER; CHIRS SMOUT; and RICK AMAN,<br><br>  Defendants. | Case No. 4:22-cv-00482-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Plaintiff John Doe's Motion for Leave to Proceed with a Pseudonym. Dkt. 2. Defendants filed a response (Dkt. 8), and Doe replied (Dkt. 13). For the reasons discussed below the Court will GRANT the motion.

## II. BACKGROUND

In December 2020, Doe was a nursing student at the College of Eastern Idaho ("CEI"). *See generally* Dkt. 1. During the end of his third semester, he began to have problems with the administration, counseling staff, and a teacher. *Id.* The problems centered around Doe's disability, a mental health issue, and CEI's alleged perception that Doe had a potential for violence. *Id.* at ¶¶ 38–47; *see also* Dkt 2-1, at 3. This led to a series of expulsions, appeals, compromises, and reinstatements in an attempt for Doe to finish his

final semester at CEI. *See generally* Dkt. 1.

When all else failed, Doe filed suit in this Court, on November 22, 2022, under a pseudonym. Dkt. 1. CEI knows the identity of Doe. Dkts. 2-1, at 4, 8, at 5. Doe has made no allegation of any current or continued threat by CEI or any third party (*see generally* Dkts. 1–2), except that CEI, in opposing Doe's motion, is attempting to dox Doe by forcing him to reveal his information to the public (Dkt. 13, at 3). Doe expresses fear that public exposure of his mental health and alleged potential for violence would create a stigma that would be nearly impossible to overcome and would violate his privacy. Dkt. 2-1, at 3–4. Such a stigma, Doe claims, would harm future potential employment, and he wishes to protect his reputation, standing, and attempt to salvage his chosen career by using a pseudonym. *Id.*, at 4.

### III. LEGAL STANDARD

The general rule is that "an action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). The identity of the real party in interest "should not be concealed except in an unusual case, where there is a need for the cloak of anonymity." *United States v. Stoterau*, 524 F.3d 988, 1012 (9th Cir. 2008) (cleaned up). The Court has discretion to "allow parties to use pseudonyms in the unusual case when nondisclosure of the party's identity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment." *D.T. v. Armstrong*, 2017 WL 2636519, *1 (D. Idaho June 16, 2017) (quoting *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000)) (cleaned up). Such discretionary decisions are considered "case management" and are reviewed under an abuse of discretion standard. *Advanced Textile*, 214 F.3d at

1069. The bar is high to proceed with a pseudonym. *Doe v. Ayers*, 789 F.3d 944, 945 (9th Cir. 2015).

## IV. DISCUSSION

There is a "general presumption that parties' identities are public information," and, with the risk of unfairness to the opposing party, this presumption must be balanced against the need for a pseudonym. *Advanced Textile*, 214 F.3d at 1068. The Ninth Circuit has identified three separate tests under which a party could be permitted to use a pseudonym, including, "when identification creates a risk of retaliatory physical or mental harm," and "when anonymity is necessary 'to preserve privacy in a matter of sensitive and highly personal nature.'" *Id.* (cleaned up).

### A. Retaliation Test

When considering the retaliation test for a pseudonym, the Court must balance five factors: "(1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, (3) the anonymous party's vulnerability to such retaliation, (4) the prejudice to the opposing party, and (5) the public interest." *Doe v. Blackfoot Sch. Dist.*, 2014 WL 806454, *2 (D. Idaho Feb. 28, 2014) (citing *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010)).

The first two factors are the most important and should be addressed together. *Kamehameha Schs.*, 596 F.3d at 1043. Plaintiffs must have been threatened and "a reasonable person would believe that the threat might actually be carried out." *Advanced Textile*, 214 F.3d at 1071. The threat need not involve "a danger of physical injury," but it

needs to be a "threatened retaliation" for it to be considered reasonable. *Id*. Such threatened retaliation can come from third parties. *See Kamehameha Schs.*, 596 F.3d at 1043.

Here, Doe's allegation that CEI is attempting to dox him by opposing his motion to proceed with a pseudonym is without merit. The definition of doxing varies by courts across the country. One definition is that "doxing is a type of online harassment in which a person publishes someone's personal identifying information online without that person's consent." *Stiles v. Nelson*, 2022 WL 124410, *2 n.2 (D. Ariz. Jan. 13, 2022) (referencing Avast, a security software company); *see also United States v. Cantwell*, 64 F.4th 396, 399 n.4 (1st Cir. 2023) (citing Merriam-Webster online); *Guffey v. Mauskopf*, 45 F.4th 442, 457–58 (D.C. Cir. 2022) (Henderson, J., dissenting) (citing Merriam-Webster online). Another is that doxing is the "use of the Internet to search for and publish identifying information about a particular individual, typically with malicious intent." *Friends of Animals v. Bernhardt*, 15 F.4th 1254, 1277 n.3 (10th Cir. 2021) (Tymkovich, C.J., concurring in part) (collecting cases and secondary sources). Generally, however, the courts that have ruled on the issue seem to agree, based on the above, that doxing is an action that one party maliciously takes against another party.

Here, CEI is not doxing Doe, rather CEI opposes Doe's use of a pseudonym and in so doing, if the motion is denied, would only cause Doe to reveal information about himself that would be necessary to prosecute his case. Doe would be revealing the information, not CEI, and that is not doxing.

Even if such an action were to be construed as doxing, it is not malicious. "Maliciously means that state of mind which actuates conduct injurious to others without

MEMORANDUM DECISION AND ORDER – 4

lawful reason, cause, or excuse." *United States v. Doe*, 136 F.3d 631 (9th Cir. 1998) (cleaned up). It must be an "intentionally wrongful act." *Id.* Here, CEI has lawful reasons to oppose the motion, the least is that every party to a case has the right to oppose a motion that it disagrees with.

Turning to the fourth factor, prejudice to the opposing party, if an alleged statement in the complaint cannot be verified because of anonymity, this would prejudice the opposing party from being able to contest the truth of that statement. *Doe v. San Diego Unified Sch. Dist.*, 19 F.4th 1173, 1181 (9th Cir. 2021). Such critical facts kept secret, such as identity disclosure "'dooming' [plaintiff's] otherwise promising chances" (a speculative injury), negate the severity and reasonable belief of the alleged harm. *Id.* But, if the identity of the plaintiff is known to the defendant, then such "selective disclosure of his identity militates against plaintiff's request to use a pseudonym," because if the opposing party already knows his identity, then the anonymity that comes with a pseudonym will not protect the plaintiff from any retaliatory threat. *Blackfoot School Dist.*, 2014 WL 806454 at *3.

Here, CEI knows the identity of Doe. This first means that there is no prejudice against CEI in trying to verify any of the claims for lacking knowledge of the opposing party's identity. This also means that Doe has no need for anonymity for fear of threatened retaliation from CEI. Still, Doe may want to protect himself from third-party retaliatory threats. But given that there are no allegations of any such threats and given that the public has an interest in knowing the identity of Doe, the need for a pseudonym becomes weaker.

To conclude, there is no actual threat by either CEI or any third party, therefore Doe

MEMORANDUM DECISION AND ORDER – 5

is not vulnerable to any retaliation, and consequently, any fear Doe has is unreasonable. Further, CEI knows the identity of Doe, and the public has an interest in also knowing the identity of Doe. As there are no factors supporting Doe's use of a pseudonym under the retaliation test, a pseudonym is not appropriate under the retaliation test. Still, a pseudonym might be appropriate under another test.

   B. **Privacy Test**

When considering the privacy test for a pseudonym, the Court must balance three factors: (1) the party's stated privacy concerns; (2) the prejudice to the opposing party; and (3) the public interest. *Armstrong*, 2017 WL 2636519 at *2. It is the right of everyone to preserve their privacy and decide when and how to disclose personal information if they so choose. *Id.* The "practice has developed permitting individuals to sue under fictitious names where the issues involved are matters of a sensitive and highly personal nature." *Doe v. Deschamps*, 64 F.R.D. 652, 653 (D. Mont. 1974).

In considering the first factor, stated privacy concerns can "include detailed, personal, and potentially embarrassing facts regarding [a person's] medical conditions and behavior issues that, if disclosed, might hinder [a person's] ability to socialize, find employment, and otherwise integrate in his community." *Armstrong*, 2017 WL 2636519 at *2. Other matters that have been considered sensitive and highly personal in nature include birth control, abortion, welfare, and homosexuality. *Deschamps*, 64 F.R.D. at 653 (collecting cases).

Here, Doe is concerned that his disability, a mental health issue, combined with CEI's alleged perception that Doe has a potential for violence, could cause a social stigma

that would make it near impossible for him to pursue his chosen career. Doe alleges that if these facts became public knowledge that future employers would not hire him, and he wishes to protect his reputation and standing to salvage his chosen career. As this case will involve Doe's sensitive and highly personal medical history, and as mental health is commonly misunderstood, the Court finds that Doe has stated legitimate privacy concerns.

The remaining two factors when considering a plaintiff's use of a pseudonym under the privacy test are the same as under the retaliation test: prejudice to the defendant and public interest. As previously explained, when the defendant knows the identity of the plaintiff who wishes to use a pseudonym, this decreases the prejudice toward the defendant. But, at the same time, when the plaintiff reveals their identity to the defendant or if the defendant already knows the identity of the plaintiff, that decreases the need for the pseudonym, albeit for privacy reasons rather than retaliatory threat reasons.

Here, CEI knows the identity of Doe so there is no fear that CEI would be unable to discover the critical facts necessary to defend Doe's claims. Knowing who Doe is means that CEI can access his school records, identify the pertinent timelines, interview the necessary parties, and otherwise engage in all the discovery that they could otherwise engage in if they had Doe's real name in the caption of the complaint. Rather, they "will only be barred from using or disclosing the fruits of its discovery for purposes other than the defense of this action." *Doe v. United Servs. Life Ins. Co.*, 123 F.R.D. 437, 439 (S.D.N.Y. 1988). As CEI is aware of Doe's identity, the only remaining issue to be balanced against Doe's stated privacy concerns is the public interest.

A "Plaintiff's use of fictitious names runs afoul of the public's common law right

of access to judicial proceedings." *Advanced Textile*, 214 F.3d at 1067. The use of a fictitious name also runs afoul of the requirement that every complaint "name all the parties." Fed. R. Civ. P. 10(a). Despite these concerns, public interest can actually weigh in favor of plaintiff's use of a pseudonym. On occasion, the use of a pseudonym "may allow greater public access to the information, files, and records at issue" in the dispute. *Armstrong*, 2017 WL 2636519 at *2. "With a plaintiff's identity protected, the facts underlying his situation may be disclosed to a greater degree than they otherwise would if his identity was known." *Id.* (cleaned up).

Given that Doe has stated legitimate privacy concerns and that the public interest would be better served in knowing the facts of the case rather than Doe's name, the Court holds that Doe may use a pseudonym under the privacy test.

## V. CONCLUSION

Doe's allegation that CEI is doxing him is without merit; there has been no retaliatory threat against Doe by CEI or any third party and so the retaliation test is inappropriate to apply here. But Doe does have a privacy interest in protecting his medical records which are sensitive and highly personal, at least in protecting them from being attached to his name. The public has less interest in knowing Doe's name than they do in having access to the records which would help in understanding the case. For this reason, the Court GRANTS Doe's Motion for Leave to Proceed with a Pseudonym.

///

///

///

## VI. ORDER

The Court HEREBY ORDERS:

1. Doe's Motion to Proceed with a Pseudonym (Dkt. 2) is GRANTED.

DATED: June 22, 2023

David C. Nye
Chief U.S. District Court Judge