UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN DOE,<br><br>    Plaintiff,<br><br>v.<br><br>COLLEGE OF EASTERN IDAHO; COLLEGE OF EASTERN IDAHO BOARD OF TRUSTEES; KATHLEEN NELSON; CLINT READING; LORI BARBER; VICKI NIELSON; HAILEY HOLLAND; MICHAEL WALKER; CHRIS SMOUT; and RICK AMAN,<br><br>    Defendants. | Case No. 4:22-cv-00482-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Defendants' Motions to Dismiss Counts XIV, XV, XVI, and XVII of the Amended Complaint. Dkt. 9. Also pending before the Court is Defendants' Motion to Dismiss the case in its entirety.[1] Dkt. 17. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motions without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

Upon review, and for the reasons set forth below, the Court DENIES Defendants'

---

[1] Both Motions to Dismiss are brought by named defendants College of Eastern Idaho, College of Eastern Idaho Board of Trustees, Kathleen Nelson, Clint Reading, Lori Barber, Vicki Nielson, Hailey Holland, Michael Walker, Chris Smout, and Rick Aman (collectively hereinafter, "Defendants").

MEMORANDUM DECISION AND ORDER - 1

second Motion to Dismiss, and DENIES in part and GRANTS in part Defendants' Motion to Dismiss Counts XIV–XVII.

## II. BACKGROUND

Plaintiff John Doe[2] is a former nursing student at the College of Eastern Idaho ("CEI"). During his third semester at CEI, Doe began experiencing problems with the administration, counseling staff, and faculty. The issues centered around Doe's disability, CEI's alleged perception that Doe was potentially violent, CEI's alleged disclosure of confidential and sometimes false information about Doe between CEI personnel, law enforcement, and others. This led to a series of expulsions, appeals, compromises, and reinstatements in an attempt to allow Doe to finish his final semester at CEI. When he was barred from doing so, Doe filed the instant suit on November 22, 2022. Dkt. 1. In his original Complaint, Doe alleged eleven causes of action against Defendants. Dkt. 1.

On February 9, 2023, Doe filed a Motion to Extend Time to Serve his Complaint. Dkt. 4. The Court granted Doe's Motion on February 14, 2023. Dkt. 5. Doe subsequently filed his Amended Complaint on March 16, 2023, alleging six new causes of action (Dkt. 6), and timely served all Defendants in accordance with the Court's order. On April 20, 2023, Defendants answered (Dkt. 7) and moved to dismiss several counts of Doe's Complaint (Dkt. 9). Doe responded (Dkt. 14), and Defendants replied (Dkt. 15). On July 3, 2023, Defendants filed a second Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process, seeking dismissal of the entire case.

---

[2] Plaintiff filed, and the Court granted, a Motion for Leave to Proceed with a Pseudonym. Dkt. 2; Dkt. 16.

Dkt. 17. Doe responded on August 7, 2023 (Dkt. 18), and Defendants timely replied (Dkt. 19).

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b) sets forth several procedural and substantive grounds upon which parties may file a motion to dismiss. Here, Defendants seek dismissal under Rules 12(b)(5) and 12(b)(6).

### A.  FRCP 12(b)(5)

Rule 12(b)(5) permits a party to file a motion to dismiss for insufficient service of process. In general, "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. Proc. 4(m). But where a "plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* The Court also has discretion to "enlarge the [90] day period even if there is no good cause shown." *United States v. 2,164 Watches, More or Less Bearing a Registered Trademark of Guess?, Inc.*, 366 F.3d 767, 772 (9th Cir. 2004). The Court's discretion in granting an extension for service of process is broad.

Pursuant to Federal Rule of Civil Procedure 12(h)(1), a party waives any defense identified in Federal Rule of Civil Procedure 12(b)(2)–(5) if such defenses are omitted from the first defensive filing—whether it be a Rule 12 motion or a responsive pleading. *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1106 (9th Cir. 2000). Because this limitation applies to Rule12(b)(5), a party waives an insufficient service of process defense if the party fails to raise it in its first responsive filing.

**B. FRCP 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss if the plaintiff has "fail[ed] to state a claim upon which relief can be granted." "A Rule 12(b)(6) dismissal may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (citation omitted). Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007). "This is not an onerous burden." *Johnson*, 534 F.3d at 1121.

A complaint "does not need detailed factual allegations," but it must set forth "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. The complaint must also contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* at 570.

In deciding whether to grant a motion to dismiss, the court must accept as true all well-pleaded factual allegations made in the pleading under attack. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

In cases decided after *Iqbal* and *Twombly*, the Ninth Circuit has continued to adhere to the rule that a dismissal of a complaint without leave to amend is inappropriate unless it is beyond doubt that the complaint could not be saved by an amendment. *See Harris v.*

*Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009).

## IV. DISCUSSION

Defendants filed two motions to dismiss. Because Defendants' second Motion to Dismiss seeks disposition of the entire case, whereas the first seeks dismissal of only a few claims, the Court will first address Defendants' second Motion to Dismiss.

### A. CEI's Second Motion to Dismiss (Dkt. 17)

Defendants bring their second Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(5). Defendants argue they were served outside the 90-day window required under Federal Rule of Civil Procedure 4(m), and that the Court should not have granted Doe's Motion to Extend because he did not have good cause to receive a 90-day extension for service.

District courts have wide discretion in deciding motions to dismiss regarding issues of service. *See S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006). For the reasons stated below, the Court exercises its discretion to determine that service of process was sufficient in this case, and denies CEI's Motion to Dismiss for insufficient service of process.

Paragraph 22 of Defendants' Affirmative Defenses in their Answer states "Plaintiff has failed to serve Defendants within the time required by Federal Rules of Civil Procedure 4(m). Although this language was sufficient to preserve the issue for a subsequent 12(b)(5) motion, the issue Plaintiff takes is that Defendants have already brought a prior Rule 12 motion in this case (Dkt. 9) and did not raise a 12(b)(5) defense within that motion. In Plaintiff's view, Rule 12(g)(2) prevents a party making a Rule 12 motion from bringing a

subsequent Rule 12 motion that could have been brought with the first. *See* Dkt. 18, at 5–6. Rule 12(g)(2) states "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted it from its earlier motion." Fed. R. Civ. P. 12(g)(2). This rule is intended to prevent piecemeal litigation of a case. Fed. R. Civ. P. 12(g) Advisory Committee's Note (1996).

Defendants counter that "the piecemeal nature of service in this case," which resulted in a later-served Defendant filing an answer *after* the initial Motion to Dismiss was filed, justifies the later assertion of a second Rule 12 defense.

Regardless, the Court need not delve into the propriety of filing a second Rule 12 motion in this case because the Court finds Doe's service of process was sufficient here. Doe petitioned the Court for an extension of time to serve the Complaint well before the deadline for service had passed. The Court granted that request, and Doe complied within the timeline for service set forth by the Court.

Further, the Court again finds Doe established good cause for an extension. Specifically, Doe explained, and the Court agreed, that because Idaho law required him to first prepare and serve a Notice of Tort Claim on each defendant, and then to wait 90 days before adding claims, an extension was in the interest of efficiency and judicial economy (so as to avoid requiring Doe to either make multiple amendments or file multiple complaints just to comply with the service deadlines). And, as Doe correctly observed, "whether Plaintiff showed good cause or not, the Court was within its broad discretion under the Rules of Civil Procedure to extend the deadline in which to serve Defendants." Dkt. 18, at 8; *see also* Fed. R. Civ. P. 4(m) Advisory Committee Note (1993) (explaining

MEMORANDUM DECISION AND ORDER - 6

that subdivision (m) requires the court to "allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed [90] days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision *even if there is no good cause shown.*") (emphasis added).

In sum, Defendants waived their insufficient service of process defense and, even if they hadn't, service was sufficient. As such, the Motion to Dismiss pursuant to Rule 12(b)(5) is DENIED.

### B. CEI's Motion to Dismiss Counts XIV–XVII[3] (Dkt. 9)

The Court next turns to Defendants' first Motion to Dismiss. Defendants argue Counts XIV, XVI, and XVII should be dismissed because they are barred by the statute of limitations. Defendants also contend Count XV should be dismissed because Doe has failed to state a claim for conversion.

#### 1. *Counts XIV, XVI, and XVII*

Defendants maintain the statutes of limitations on Count XIV—defamation, Count XVI—negligent infliction of emotional distress, and Count XVII—intentional infliction of emotional distress, expired before Doe brought such claims in his Amended Complaint. Each of the aforementioned claims has a two-year statute of limitations. Defendants explain their alleged statements and conduct in December of 2020 and January of 2021 formed the basis for such claims. Accordingly, Defendants argue, the statute of limitations ran no later than the end of January 2023. Defendants further contend that because Doe filed his

---

[3] Such claims were not included in Doe's initial Complaint.

MEMORANDUM DECISION AND ORDER - 7

Amended Complaint adding Counts XIV, XVI, and XVII on March 16, 2023, those claims are time-barred.

Doe, on the other hand, maintains that the relation back doctrine applies. The Court agrees. Federal Rule of Civil Procedure 15(c)(1)(B) allows an amendment to "relate back" when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."

In his original complaint, which was filed before the statute of limitations had run on any claims now alleged, Doe alleged Defendants had made false statements about him and caused him extreme emotional distress. Dkt. 1. He described therein the conduct and circumstances surrounding such statements, including alleged conversations where Defendants improperly disclosed his information, spread false statements about his alleged plans to commit violence, and made an unfounded police report. *Id.* The claims in the Amended Complaint concern the same alleged conduct, but add specific state law claims under Idaho law to supplement the federal claims already alleged. Because Doe's amended claims arise out of the same conduct and facts as his original claims, the relation back doctrine applies, and Counts XIV, XVI, and XVII are not time-barred. *Edwards v. PJ OPS Idaho, LLC*, 2022 WL 2065043, at *18 (D. Idaho June 7, 2022). Accordingly, the Court denies Defendants' Motion to Dismiss these claims.

    2. Count XV

Next, Defendants argue that even if is not time-barred, Doe's conversion claim should be dismissed because Doe has not adequately alleged the elements for conversion under Idaho state law, and because Idaho courts have generally not recognized conversion

claims for intangible property.

Under Idaho Law, the elements of a conversion claim are "(1) that the charged party wrongfully gained dominion of property; (2) that property is owned or possessed by plaintiff at the time of possession; and (3) the property in question is personal property." *Med. Recovery Services, LLC v. Bonneville Billing and Collections, Inc.*, 336 P.3d 802, 807 (Idaho 2014).

Defendants argue, and the Court finds, that Doe has failed to adequately plead a claim for conversion of his nursing degree. The second element—the plaintiff's ownership of the property—is especially problematic here. Doe has not alleged that he received a nursing degree. Indeed, Defendants' apparent refusal to award him that degree forms the crux of many of Doe's claims. Because Doe has not alleged that he ever "owned or possessed" a nursing degree, he has failed to plead the second element of conversion. The first prong consequently fails as well: Defendants cannot have wrongfully gained dominion of a degree that Doe never possessed. Although Doe suggests an educational degree is the type of personal property that can satisfy the third prong, the Court is not aware of any binding authority recognizing that either the expectation of a degree, or a degree itself, is personal property for purposes of conversion claim. However, the Court need not decide that issue here; Doe has failed to adequately plead the first two prongs, and the Court therefore dismisses Count XV of the Amended Complaint.

If amending a complaint would remedy its deficiencies, then courts should provide plaintiffs an opportunity to do so. See *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003). Here, because Doe *may* be able to state a conversion claim upon which relief can be

granted, the Court will dismiss Count XV without prejudice, and allow Doe an opportunity to amend his Complaint.

## V. ORDER

The Court **HEREBY ORDERS**:

1. Defendants' second Motion to Dismiss (Dkt. 17) is **DENIED**.

2. Defendants' first Motion to Dismiss (Dkt. 9) is **GRANTED in PART** and **DENIED in PART**:

    a. It is **GRANTED** with respect to Count XV of the Amended Complaint. Doe's conversion claim is **DISMISSED WITHOUT PREJUDICE**;

    b. It is **DENIED** with respect to Counts XIV, XVI, and XVII;

    c. If Doe wishes to amend his conversion claim, an Amended Complaint must be filed within thirty (30) days of the date of this Order.

DATED: February 20, 2024

David C. Nye
Chief U.S. District Court Judge